**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-22898-ALTMAN**

**BELMAN ONELIO SOTO GUZMAN**,

     *Petitioner*,

*v.*

**MARCOS CHARLES**, *et al.*,

     *Respondents.*

_____/

## **ORDER**

Our Petitioner—proceeding *pro se*—seeks a writ of habeas corpus "declar[ing] that [his] continued detention without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act." Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1] at 19. The Respondents now inform us that, "[i]n light of the recent decision in *Hernandez Alvarez v. Warden*, 25-14065, ___ F.4th ___ (11th Cir. May 6, 2026), [they] do not oppose Petitioner's claim that he should be provided a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)." Response to Order to Show Cause [ECF No. 6] at 2. Accordingly, we hereby **GRANT in part** the Petition [ECF No. 1] and **ORDER** the Respondents to provide the requisite bond hearing and to file a status update on the docket within three days of the hearing. We'll thus **DIRECT** the Clerk of Court to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on May 27, 2026.



_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

       Noticing INS Attorney
       Email: usafls-immigration@usdoj.gov